# Henry Hardman *vs.* Aaron Chamberlin

*Error to Cedar.*

The statute which exempts the plaintiff from the necessity of proving the signature of a note, &c., unless denied under oath, does not extend to the endorsement. That must in all cases be proved.

The facts of the case will appear from the opinion of the court.

Lowe & Whicher, for plaintiff in error.

Hastings, for defendant in error.

By the Court, Mason, Chief Justice.—This action was brought on two promissory notes, executed by the plaintiff in error, to one Ransford, and by him assigned to the defendant in error. On the trial, the counsel for the plaintiff below, offered to read the assignment without proof of the signature of Ransford. This was objected to by the defendant's counsel, but the objection was overruled by the court.

We think the court erred in permitting the assignment to be read, without proof. The statute renders proof of the signature of a note unnecessary, unless denied under oath. This statute is an encroachment on the common law, and should not therefore be extended beyond the fair import of its terms. Besides, the defendant must be presumed to know, whether he has signed the note himself, and may therefore be reasonably required to make the affidavit denying the signature. But he cannot with so much justice be called on to deny the endorsement, in the same manner or else to admit its genuineness.

The judgment below will therefore be set aside, and the cause remanded for a new trial.